IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. _____ |
| SAMUEL HALL d/b/a SAMUEL HALL CONSTRUCTION; BRADLEY & CRYSTAL SWARTZ | ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT
BY STARR INDEMNITY & LIABILITY COMPANY**

Plaintiff, Starr Indemnity & Liability Company ("Starr"), by and through its counsel, seeks entry of a Declaratory Judgment that the policy issued to Defendant, Samuel Hall D/B/A Samuel Hall Construction ("Hall"), is rescinded and is *void ab initio*, and binding on Defendants Bradley and Crystal Swartz, necessary parties.  For the Complaint, Plaintiff states as follows:

**NATURE OF ACTION AND BACKGROUND FACTS**

1.  This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and for rescission of an insurance policy issued by Starr to Samuel Hall d/b/a Samuel Hall Construction ("Hall").

2.  Specifically, Starr seeks a declaration that the insurance policy is rescinded and void due to material misrepresentations made by Hall in the application for the policy and that, accordingly, Starr has no obligation to defend or indemnify Hall for any present or future claim against Hall, including but not limited to, the claims against Hall by Bradley and Crystal Swartz.

6524638.1

## THE PARTIES

3. Plaintiff Starr is an insurance company domiciled in the State of Texas and has its principal place of business at 399 Park Avenue, New York, New York 10022.

4. Defendant Hall is an individual domiciled in Brighton, Illinois, doing business as a sole proprietorship having its principal place of business at 111 George Street, Brighton, Illinois 62012.

5. Upon information and belief, defendants Bradley & Crystal Swartz are citizens of Illinois residing at 5962 State Route 162, Glen Carbon, Illinois 62034, and are necessary parties.

## JURISDICTION AND VENUE

6. Federal subject matter jurisdiction exists in this action pursuant to 28 U.S.C. § 1332, because it is an action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because all Defendants reside in the State of Illinois and at least one Defendant resides within this district.

8. This Court also has jurisdiction pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure because there is an actual controversy between the parties.

6524638.1

## THE APPLICATION FOR INSURANCE

9. On or about October 7, 2019, Hall and/or a duly authorized agent of Samuel Hall d/b/a Samuel Hall Construction (the "Applicant") completed a Carpentry Application (the "Application") for the purpose of purchasing liability insurance. Upon information and belief, Exhibit 1 is a true and accurate representation of the Application and is incorporated into this Complaint.

10. Starr relies upon the information and accuracy thereof in the Application for insurance coverage in issuing insurance coverage.

11. In response to the words "Business Name:" in the Application, the Applicant responded, "Samuel Hall DBA Samuel Hall Construction."

12. In response to the question "What is your business category?" in the Application, the Applicant responded, "Carpentry."

13. In response to the words "Total Number of Employees:" in the Application, the Applicant responded, "1."

14. In response to the words "Total Gross Annual Sales:" in the Application, the Applicant responded, "$100,000."

15. In response to the question "What is the gross annual payroll of your business?" in the Application, the Applicant responded, "$43,500."

16. In response to the question "How many claims have you submitted on a prior business insurance policy within the last 3 years?" in the Application, the Applicant responded, "0."

17. Hall also denied that the business for which insurance coverage was sought included Home Building, Demolition, Roofing work of any kind, Framing residential or

commercial structures, Remodeling which includes removing or relocating interior exterior walls, and Waterproofing.

18. Hall also denied that the business is a general contractor.

19. The Application asked whether "Do you, or, do subcontractors acting on your behalf, ever build new additions to existing structures, whether attached or detached, including garages?" The Applicant responded, "No."

20. The Application asked whether "Do you, or, do subcontractors acting on your behalf, ever complete projects including gutting, rehabbing and/or renovating an entire structure?" The Applicant responded, "No."

21. The Application asked whether "Do you ever do any exterior carpentry work?" The Applicant responded, "No."

22. The Applicant responded "Yes" to whether the "content filled out to purchase this insurance is correct and I have the authority to contract and bind on behalf of this entity."

23. Unknown to Starr at the time of submission, the Application was replete with misrepresentations by Hall.

## THE STARR POLICY

24. Based on the representations in the application, Starr issued Liability Policy, No. 1000602700, to Hall as insured, with a policy period beginning October 8, 2019 and expiring October 8, 2020 (the "Starr Policy"). A copy of the Starr Policy is attached as Exhibit 2 and is incorporated into this Complaint.

25. The Starr Policy affords limits of liability as follows: General Aggregate Limit of $2,000,000; Products Complete Operations Aggregate Limit of $2,000,000; and Each Occurrence Limit of $1,000,000.

26. Starr was advised by the financing company Honor Capital, that Hall failed to pay the premium.  Thereafter, the Starr Policy was cancelled on November 25, 2019.

27. A pro rata amount of the premium was returned to financing company.

28. On or around January 29, 2020, Starr learned of claims against Hall for remodeling, roofing, and overall general contracting work in which Hall engaged.

29. On August 7, 2019, Hall entered into a contract with Crystal Swartz (the "Swartz Contract") relating to the real property located at 2905 Marine Rd., Marine, Illinois 62061. Upon information and belief a copy of the Swartz Contract is attached as Exhibit 3 and is incorporated into this Complaint

30. The Swartz Contract required Hall to perform roofing work, including roof framing and the installation of a new metal roof, flashing, boots, and vents.

31. The Swartz Contract required Hall to install wood flooring throughout the entirety of the home except for the washroom, bath, and kitchen.

32. The Swartz Contract required Hall to perform framing work, including the framing of home, window openings, and exterior door openings, and roof.

33. The Swartz Contract required Hall to install a two-story addition to the existing structure.

34. The Swartz Contract further required Hall to perform various other work, including HVAC, electrical, plumbing, insulation, drywall and exterior work.

35. Pursuant to the Swartz Contract, the total amount to be paid to Hall was $200,000.

36. At the time that Hall submitted its Application, the work required to be performed pursuant to the Swartz Contract had been started but not yet completed.

37. At the time that Hall submitted its Application, Hall was required to finish the work pursuant to the Swartz Contract.

38. Immediately preceding the time that Hall submitted its Application, there were approximately more than 3 people besides Hall performing work for Hall at any given time.

39. While the Starr Policy was effectively cancelled on November 25, 2019, for non-payment of the premium, this action seeks a judgment declaring that the Starr Policy is rescinded and is *void ab initio* and without legal force or effect.

## COUNT I

## RESCISSION OF THE STARR POLICY

40. Starr incorporates herein each and every allegation made in Paragraphs 1 through 39 above.

41. Starr has filed a Complaint for Declaratory Judgment seeking rescission of the Starr Policy on the grounds that the foregoing representations contained in the Application were materially false, and that they were relied upon by Starr to its detriment.

42. In the Application, Hall misrepresented that all work performed by Hall consisted of carpentry work.

43. As part of the misrepresentation, Hall denied that the work for which it was seeking coverage included home building, demolition, roofing, framing residential structures, and remodeling activities as part of Hall's business.

44. In the Application, Hall misrepresented that it was not a general contractor, that it does not build new additions to existing structures, and that it does not do any exterior carpentry work.

45. In the Application, Hall misrepresented that it does not complete projects including gutting, rehabbing and/or renovating an entire structure.

46. In the Application, Hall misrepresented that it did not perform roofing work.

47. In the Application, Hall misrepresented that it had no employees other than Samuel Hall as a sole proprietor.

48. Hall's representations in the Application for the Starr Policy were false and constituted material misrepresentations.

49. Each of the above misrepresentations materially affected the acceptance of the risk and/or hazard assumed by Starr.

50. Hall concealed and omitted material facts when applying for issuance of the Starr Policy.

51. Starr, acting reasonably and in accordance with their custom and practice, relied upon the information supplied by Hall in the application process not knowing of Hall's material misrepresentations and omissions, and issued the Starr Policy.

52. As a result of its reliance upon Hall's misrepresentations and omissions of material facts, Starr is entitled to rescind the Starr Policy as to Samuel Hall d/b/a Samuel Hall Construction and all individuals who would otherwise be insured thereunder.

53. By letter dated March 12, 2020, Starr issued a rescission letter to Samuel Hall d/b/a Samuel Hall Construction of the Starr Policy at Samuel Hall's last known address. A true and correct copy of this letter is attached hereto as Exhibit 4 and is incorporated into this Complaint.

54. As of the filing of this pleading, Starr has not located Samuel Hall d/b/a Samuel Hall Construction.

WHEREFORE, Plaintiff, Starr Indemnity & Liability Company, prays for judgment declaring:

1) the Starr Policy number 1000602700 is rescinded and is *void ab initio* and without legal force or effect;

2) Starr has no obligation or duty under the Starr Policy to provide coverage for any claims presently asserted or that may be asserted against Samuel Hall d/b/a Samuel Hall Construction by Swartz and any future claims under the Starr Policy number 1000602700; and

3) Any and all such further relief as this Court deems equitable and just.

## COUNT II

## DECLARATORY RELIEF

55. Starr incorporates herein each and every allegation made in Paragraphs 1 through 54 above.

56. Defendants Swartz are necessary parties as they have asserted liability claims against Hall.

57. As the Starr Policy is rescinded and *void ab initio* and without legal force or effect, there is no coverage afforded under the void Starr policy for the Swartz claims.

WHEREFORE, Plaintiff, Starr Indemnity & Liability Company, prays for judgment declaring:

1) the Starr Policy number 1000602700 is rescinded and is *void ab initio* and without legal force or effect;

2) Starr has no obligation or duty under the Starr Policy to provide coverage for any claims presently asserted or that may be asserted against Samuel Hall d/b/a Samuel Hall Construction by Swartz and any future claims under the Starr Policy number 1000602700; and

3) Any and all such further relief as this Court deems equitable and just.

6524638.1

**STARR INDEMNITY & LIABILITY COMPANY**


By: */s/ Ilene M. Korey*

CLAUSEN MILLER PC


Ilene M. Korey (ARDC# 6185645) (lead counsel pursuant to Local Rule 11.2)
Colin B. Rathe (ARDC # 6330320)
Clausen Miller P.C.
10 S. LaSalle Street, Suite 1600
Chicago, IL 60603
312 606-7831
312 606-7500 (fax)
ikorey@clausen.com
crathe@clausen.com
Attorneys for Starr Indemnity & Liability Company